UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ANONYOMOUS,

                               **Plaintiff,**

               -against-

MCDERMOTT WILL & SHULTE LLP ET
AL,

                   **Defendants.**

:
:
:
:
:
:
:
:
:
:

**26-cv-06681 (ALC)**

**ORDER**

------------------------------------------------------------ x

**ANDREW L. CARTER, JR., United States District Judge:**

On August 5, 2026, Plaintiff filed a Complaint initiating this action anonymously. *See* ECF No. 1. Plaintiff failed to provide a name and address to the Court or to include a signature on the Complaint. *See id*. Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). Rule 1(a) requires that every pleading and other paper "must be signed by a party personally if the party is unrepresented," and an address and email address provided. Fed. R. Civ. P. 11(a). "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).

Courts consider the following non-exhaustive list of factors in determining whether to allow a plaintiff to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against

would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

As such, Plaintiff is hereby **DIRECTED** to file under seal a motion to proceed anonymously including any supporting declarations alleging facts to support the application to proceed anonymously. Further, the Court **DIRECTS** Plaintiff to file under seal an Amended Complaint including a declaration including Plaintiff's true name, address, and signature. Plaintiff's Amended Complaint and motion to proceed anonymously is due by **September 1, 2026.** Public viewing of the pleadings has been restricted pending adjudication of the motion the motion to proceed anonymously.

Further, in evaluating motions to proceed under a pseudonym, the interests of the defendant is a factor to be considered. *See Sealed Plaintiff*, 537 F.3d at 192 ("[T]he interests of the . . . opposing party should be considered when determining whether the grant an application to proceed under pseudonym."). Generally, it is preferable to have the benefit of the defendants'

views when resolving a motion to proceed under a pseudonym, rather than addressing the motion

on an *ex parte* basis. *See, e.g., Doe v. Weinstein,* 484 F. Supp. 3d 90, 92 (S.D.N.Y. 2020) (before

deciding *ex parte* motion for leave to proceed under a pseudonym, court directed plaintiff to

serve defendant with the complaint and motion, and directed defendant to respond); *Doe v. Doe*,

No. 20-CV-5329 (KAM) (CLP), 2020 WL 6900002, at *1 (E.D..Y. Nov. 24, 2020) (deferring

ruling on plaintiff's *ex parte* motion to se a pseudonym until defendants had been given an

opportunity to respond). Accordingly, rather than resolving the issue *ex parte*, once Defendants

have appeared, the Court will grant them an opportunity to address Plaintiff's motion to proceed

under a pseudonym.

**SO ORDERED.**

**Dated:  August 11, 2026**
      **New York, New York**                            **ANDREW L. CARTER, JR.**
                                          **United States District Judge**